UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO FITZGERALD TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>TONY HEDGPETH,<br><br>Respondent. | NO. CV 08-6483-R (AGR)<br><br>ORDER TO SHOW CAUSE |

On October 2, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1]  For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before **November 20, 2008**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

---

[1] Petitioner signed and mailed the petition on September 16, 2008. (Petition at 8 & Proof of Service.)

**I.**

## PROCEDURAL BACKGROUND

Petitioner was convicted on March 14, 2006, of escaping from jail, residential burglary with the intent to commit a sexual battery, and simple kidnapping. (Petition, Attached at 1-2.) His sentence under California's Three Strikes Law was 62 years to life. (*Id.* at 2.) On March 15, 2007, the California Court of Appeal affirmed his conviction. *People v. Taylor*, 2007 WL 765964 (2007). On June 13, 2007, the California Supreme Court denied review without explanation. *People v. Taylor*, 2007 Cal. LEXIS 6059.

Petitioner raised three grounds in the instant petition: (1) insufficient evidence, (2) instructional error, and (3) "the burglary and the kidnaping . . . were incident to the same objective: committing a sexual assault." (Petition at 5-6.)

**II.**

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or on a date set in § 2244(d)(1)(B)-(D).

The California Supreme Court denied review on June 13, 2007. *People v. Taylor*, 2007 Cal. LEXIS 6059. Therefore, Petitioner's conviction became final 90 days later on September 11, 2007. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th

///

///

Cir. 1999). Pursuant to 28 U.S.C. § 2244(d)(1)(A),[2] absent tolling, the statute of limitations expired on September 11, 2008.

Thus, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner indicates that he has not filed any state habeas petitions with respect to this conviction. (Petition at 3.) He, therefore, is not entitled to statutory tolling. Nor does the petition provide a basis for equitable tolling.[3]

Because Petitioner is not entitled to tolling, the statute of limitations expired on September 11, 2008. Petitioner did not mail the instant petition until September 16, 2008, five days past the expiration of the statute. (Petition at 8 & Proof of Service.)

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 20, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his petition is not barred by the statute of limitations.

///

---

[2] There appears to be no basis for using any of the provisions in § 2244(d)(1)(B)-(D).

[3] The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

×

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED:  October 20, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge