FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
JAN - 8 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ALONZO FITZGERALD TAYLOR,

Petitioner,

v.

TONY HEDGPETH,

Respondent.

No. CV 08-6483-R (AGR)

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: Jan. 8, 2009

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALONZO FITZGERALD TAYLOR,

Petitioner,

v.

TONY HEDGPETH,

Respondent.

NO. CV 08-6483-R (AGR)

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court submits this Report and Recommendation to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///

///

///

///

///

///

I.

PROCEDURAL BACKGROUND

Petitioner was convicted on March 14, 2006, of escaping from jail, residential burglary with the intent to commit a sexual battery, and simple kidnapping. (Petition, Attached at 1-2.) His sentence under California's Three Strikes Law was 62 years to life. (*Id.* at 2.) On March 15, 2007, the California Court of Appeal affirmed his conviction. *People v. Taylor*, 2007 WL 765964 (2007). On June 13, 2007, the California Supreme Court denied review without explanation. *People v. Taylor*, 2007 Cal. LEXIS 6059 (2007).

On September 16, 2008, Petitioner signed and mailed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 to this court, which was filed on October 2, 2008. (Petition at 8 & Proof of Service.) Petitioner raises three grounds in the instant petition: (1) insufficient evidence, (2) instructional error, and (3) "the burglary and the kidnaping . . . were incident to the same objective: committing a sexual assault." (Petition at 5-6.) On October 20, 2008, the Court ordered Petitioner to show cause why the petition should not be dismissed based on expiration of the one-year statute of limitations. On November 10, 2008, Petitioner filed a response to the OSC ("Response").

The matter has been taken under submission and is ready for decision.

II.

STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or on a date set in § 2244(d)(1)(B)-(D).[1]

The California Supreme Court denied review on June 13, 2007. *Taylor*, 2007 Cal. LEXIS 6059. Therefore, Petitioner's conviction became final 90 days later on September 11, 2007. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Pursuant to 28 U.S.C. § 2244(d)(1)(A), absent tolling, the statute of limitations expired on September 11, 2008.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner indicates he has not filed any state habeas petitions with respect to this conviction. (Petition at 3.) He, therefore, is not entitled to statutory tolling. Nor does the petition provide a basis for equitable tolling.[2]

Because Petitioner is not entitled to tolling, the statute of limitations expired on September 11, 2008. Petitioner did not mail the instant petition until September 16, 2008, five days past the expiration of the statute. (Petition at 8 & Proof of Service.)

Petitioner argues he had until September 24, not September 11, 2008, to file a timely petition here. He attaches a letter from his California counsel that said the "final filing date" was September 24, 2008. (Response, Attached Letter.) His counsel calculated the date Petitioner's conviction became final based on the

---

[1] There appears to be no basis for using any of the provisions in § 2244(d)(1)(B)-(D).

[2] The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327,127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

date the California Court of Appeal issued its remittitur, June 27, 2007. (*See id.*; Court of Appeal Online Docket Case No. B191202.) However, as stated earlier, the correct date on which the conviction became final is September 11, 2008, ninety days after the date the California Supreme Court denied review (June 13, 2007). The date of remittitur is not relevant.

The 90-day period for Petitioner's California conviction to become final is based on "the ninety-day period within which Bowen could have filed a petition for a writ of certiorari from the United States Supreme Court." *Bowen*, 188 F.3d at 1159. United States Supreme Court Rule 13 provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Rule 13(1). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."[3] Rule 13(3).[4] A California Supreme Court denial of a petition for review of a Court of Appeal decision is final on filing. Cal. Rules of Court 8.532(b)(2)(A).

Finally, Petitioner is not entitled to equitable tolling because of "his counsel's mistake in miscalculating the limitations period." *Lawrence*, 127 S. Ct. at 1085. "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.*

---

[3] "A remittitur merely designates the judgment of the appellate tribunal which is authenticated to the court from which an appeal is taken and corresponds to the mandate used in the practice of the United States Supreme Court." *Combs v. Haddock*, 209 Cal. App. 2d 627, 631, 26 Cal. Rptr. 252 (1962) (citation and quotation marks omitted).

[4] Nor is the statute of limitations tolled between the time of denial and the time of the remittitur. *See Donley v. California*, 2006 WL 2165718, *3 (E.D. Cal. 2006) ("there is no tolling pending issuance of a remittitur," collecting and analogizing to cases from other jurisdictions).

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) denying the petition with prejudice.

DATED: November 18, 2008

Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge